UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melissa Farris,

    Plaintiff,

v.                                                                MEMORANDUM OPINION
                                                      AND ORDER
                                                      Civil No. 06-609

James M. Williams, individually
and on behalf of Simplers
Botanical Company, LLC

    Defendants.

_____

    Marc G. Kurzman, Kurzman Grant Law Office for and on behalf of Plaintiff.

    Stephen M. Harris, Meyer & Nyus, P.A. for and on behalf of Defendants.
_____

    Before the Court is Defendant's Motion to Dismiss or in the Alternative to Transfer Venue to the Northern District of California.

Background

    Plaintiff, a citizen of Minnesota, brought this action against Defendants, citizens of California, asserting claims of copyright infringement and state law claims of reformation of contract and breach of fiduciary duty.

    In her Complaint, Plaintiff alleges that Simplers Botanical Company was started in approximately 1981 by James and Mindy Green. Plaintiff claims that, along with another employee, she created a pamphlet for the company and that Plaintiff obtained a copyright for this pamphlet.

1

In 1997, Plaintiff alleges that she purchased the assets of Simplers Botanical Company. Plaintiff became romantically involved with Defendant Williams, but the romance ended in 1998. Thereafter, in 2000, Williams obtained counsel for the development of the corporation Simplers Botanical Company, LLC.

Plaintiff alleges that because of the personal relationship she had with Williams, he became aware of personal information relating to Plaintiff, and used this information to threaten, extort and otherwise unlawfully gain advantage over Plaintiff. As a result of these threats, Williams received a one-third interest in Simplers Botanical Company, LLC.

In 2001, Plaintiff alleges that she became aware of information that Williams may have embezzled up to $20,000 from the corporation. Then, in 2002, when Plaintiff was suffering from severe depression as a result of William's conduct toward her, Plaintiff entered into an agreement to sell all her interest in the corporation to Williams and his stepmother for $300,000.

Plaintiff alleges that at the time of sale, the fair market value of the corporation was $900,000. The sale to Williams did not include the rights to Plaintiff's copyrighted materials. In 2005, Plaintiff learned that Williams had instructed a printer to continue to publish Plaintiff's copyright pamphlet, and to take out the copyright notice.

Personal Jurisdiction

Federal courts have been instructed to use a two-step inquiry when determining whether it has personal jurisdiction over a non-resident party: (1) whether the facts presented satisfy the forum state's long-arm statute, and (2) whether the non-resident has minimum contacts with the forum state, so that the court's exercise of jurisdiction would be fair and in accordance with due process." Soo Line R. Co. v. Hawker Siddeley Canada, Inc., 950 F.2d 526, 528 (8th Cir. 1991). The inquiry collapses into a single question of whether the exercise of personal jurisdiction comports with due process, when a state construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the due process clause. Bell Paper Box, Inc. v. U.S. Kinds, Inc., 22 F.3d 816, 818 (8th Cir. 1994). Minnesota has construed its long-arm statute to have the maximum extraterritorial effect allowed under the due process clause. Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 410-411 (Minn. 1992).

The due process clause requires that there be "minimum contacts" between the defendant and the forum state before the forum state may exercise jurisdiction over the defendant. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The "minimum contacts" requirement will be satisfied if the defendant's conduct and connection with the forum state is such that the defendant should reasonably anticipate being haled into the forum state's court.

World-Wide, at 291.

In determining whether sufficient minimum contacts exist, the Eighth Circuit considers the following factors: 1) the nature and quality of the contacts; 2) the quantity of the contacts; 3) the connection between the cause of the action and the contacts; 4) the interest of the forum; and 5) the convenience of the parties.  Digitel Holdings, Inc. v. Proteg Telecommunications Ltd., 89 F.3d 519, 522-23 (8th Cir. 1996).  The burden is on the plaintiff to prove the minimum contacts necessary to satisfy due process.  Hardrives, Inc. v. City of LaCrosse, Wisconsin, 307 Minn. 290, 240 N.W.2d 814, 816 (1976).  See also, Newhard, Cook & Co. v. Inspired Life Centers, Inc., 895 F.2d 1226, 1228 (8th Cir. 1990).  "At the pre-trial stage, however, the plaintiff need only make a prima facie showing of sufficient Minnesota-related activities through the complaint and supporting evidence, which will be taken as true."  Hardrives, 240 N.W.2d at 816.

When the court premises jurisdiction on a defendant upon the relationship between the defendant's activities in the forum state and the plaintiff's claim, the court is exercising specific jurisdiction.   Morris v. Barkbusters, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991) (citation omitted).  A court may exercise general jurisdiction upon an out-of-state defendant when the defendant has "continuous and systematic contacts" with the forum state, regardless of whether the plaintiff's claims arise out of, or are connected with, the defendant's activities in the forum

state.  Id. at 1280-81.

In this case, Plaintiff has not made a prima facie showing that Williams engaged in "continuous and systematic contacts" with the state of Minnesota that would subject him to the exercise of general jurisdiction.  The record demonstrates that 4.8% of Simplers' gross sales were from Minnesota customers.  Williams Aff., ¶ 5.  This is not sufficient to establish continuous and systematic contacts.  See, Lorix v. Crompton Corporation, 680 N.W.2d 574, 581 (Minn. Ct. App. 2004) (commercial contracts unrelated to claim constituting small percentage of annual sales not sufficient to establish general jurisdiction); L.H. Carbide Corp. v. Piece Maker Co., 852 F. Supp. 1425 (N.D. Ind. 1994) (sales of 4% to 8% not sufficient to establish continuous and systematic contacts for general jurisdiction purposes); Costa v. Keppel Singmarine Dockyard PTE. Ltd., 2003 WL 24242419 (C.D. Cal. 2003) (work conducted in forum state constituted 11.75% of gross receipts was not sufficient for court to exercise general jurisdiction).

Williams further argues that he has no contacts with Minnesota to justify the exercise of specific jurisdiction over him.  He asserts that he lives in California, the business is in California, and is not registered to conduct business in Minnesota.  He further states he owns no property in Minnesota, and has only visited this state once.  The contract at issue in this case was drafted and executed in California, and the conduct complained of occurred in California

Plaintiff responds that there are sufficient contacts between Williams and Minnesota. She asserts that he made numerous telephone calls to Plaintiff and her father concerning business, and to Minnesota businesses.

This Court previously held that negotiations over the phone to a person in Minnesota is not sufficient in and of itself to confer personal jurisdiction over a defendant. See, Lucachick v. NDS Americas, Inc., 169 F. Supp. 2d 1103, 1107 (D. Minn. 2001) (citing Stangel v. Rucker, 398 N.W.2d 602, 605 (Minn. Ct. App. 1986)). In addition, other than the phone calls to Plaintiff and her father concerning negotiations of the sale, there is no evidence in the record to show that Williams had any contacts in Minnesota related to the claims asserted in Plaintiff's complaint.

Plaintiff also argues that because she has asserted a copyright claim, this Court has nationwide personal jurisdiction. In support, she cites to a case involving the Bankruptcy rules. That case, In re Federal Fountain, Inc., 165 F.3d 600 (8th Cir. 1999) (en banc) holds that where Congress has provided for nationwide service of process, as is the case with respect to the Bankruptcy Rules, personal jurisdiction can be established over any defendant with sufficient contacts to the United States. In this case, however, the copyright statutes do not provide for nationwide service of process, therefore Federal Fountain has no application here.

Accordingly, the Court finds that Plaintiff has failed in her burden of demonstrating that Williams has sufficient minimum contacts with Minnesota sufficient to confer personal jurisdiction over him.

Transfer Venue

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses and for the interests of justice, a district court may transfer a civil action to any other district or division where it might have been brought."

With respect to Plaintiff's claims as they relate to the company, the Court further finds that a transfer of venue would be appropriate in this case. With respect to the claims asserted in the Complaint, the complained of behavior seems to have occurred in California. Further, it appears that the majority of the witnesses are located in California, and documents relative to the causes of action are located in California, including the contracts for sale, accounting information, and tax returns of the corporation.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and to Transfer Venue is GRANTED. The claims asserted against Defendant James Williams are dismissed without prejudice and the case shall be transferred to the Northern District of California.

Date: June 21, 2006                              s/ Michael J. Davis
                                                 Michael J. Davis
                                                 United States District Court